IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br>1701 Rhode Island Ave. NW<br>Washington, DC 20036<br><br>*Plaintiff*,<br><br>v.<br><br><br>U.S. DEPARTMENT OF EDUCATION,<br>400 Maryland Avenue Southwest<br>Washington, DC 20202<br><br>*Defendant*. | Case No. 1:25-cv-1432<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff National Student Legal Defense Network ("Student Defense") brings this action against the United States Department of Education ("the Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies

pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information, including through responses to FOIA requests submitted to government agencies, and publicizes these responses on, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Defendant U.S. Department of Education is a department of the executive branch of the United States government headquartered in Washington, D.C. and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

7. The Department plays an important role in protecting students from institutions of higher education that make misrepresentations.

8. Under Title IV of the Higher Education Act of 1965 (as amended), 20 U.S.C. §§ 1070 *et seq*. ("HEA"), and its implementing regulations, institutions of higher education that wish to offer federal student aid programs must meet specific eligibility requirements and comply with program rules. Among those rules is a prohibition on "substantial misrepresentations." 34 C.F.R. § 668.71(b) ("Substantial misrepresentations are prohibited in all

forms, including those made in any advertising, promotional materials, or in the marketing or sale of courses or programs of instruction offered by the institution.").

9.  The Department defines misrepresentation as "[a]ny false, erroneous or misleading statement an eligible institution, one of its representatives, or any ineligible institution, organization, or person with whom the eligible institution has an agreement to provide educational programs, or to provide marketing, advertising, recruiting or admissions services makes directly or indirectly to a student, prospective student or any member of the public, or to an accrediting agency, to a State agency, or to the Secretary." 34 C.F.R. § 668.71(c).

10. The Department defines *substantial* misrepresentation as "[a]ny misrepresentation on which the person to whom it was made could reasonably be expected to rely, or has reasonably relied, to that person's detriment." *Id.*

11. Within the Department, the School Eligibility and Oversight Service Group ("SEOSG") in the Program Compliance office of Federal Student Aid is responsible for conducting program reviews of schools and monitoring their compliance with Title IV rules.[1]

12. In connection with this oversight, the Secretary of Education issues Final Program Review Determinations and Final Audit Determinations that may include findings regarding institutions' administration of federal student aid programs under Title IV. 34 C.F.R. § 668.121; *see also* 34 C.F.R. Part 668, Subpart H.

13. In addition, the Administrative Actions and Appeals Service Group ("AAASG"), a subcomponent of the Enforcement Unit within Federal Student Aid, is responsible for

---

[1] *See* FSA Functional Statements – Partner Participation and Oversight: https://www.ed.gov/about/ed-organization/functional-statements/fsa-functional-statements/partner-participation-and-oversight#:~:text=School%20Eligibility%20and%20Oversight%20Service,and%20Foreign%20School%20Participation%20Division; *See generally* HEA § 498a(a), 20 U.S.C. § 1099c-1(a).

3

developing, initiating, and imposing Emergency Action, Termination, Limitation, Suspension, and Fine actions (collectively, "Enforcement Actions") against institutions.[2]

14. The AAASG is also responsible for participating and consulting in the development and drafting of school revocations and school recertification denials. *Id.*

15. The Secretary of Education has statutory and regulatory authority to take action against institutions of higher education that engage in "substantial misrepresentations" regarding the nature of their educational programs, financial charges, or the employability of their graduates. *See* HEA § 487(c)(3)(A)–(B), 20 U.S.C. § 1094(c)(3)(A)–(B); 34 C.F.R. § 668.71(a). Such action can include the imposition of civil penalties or the suspension or termination of eligibility to participate in Title IV programs. HEA § 487(c)(3)(A)–(B), 20 U.S.C. § 1094(c)(3)(A)–(B); 34 C.F.R. § 668.71(a).

**Student Defense's FOIA Requests**

16. Since December 2021, Student Defense has submitted 22 separate FOIA requests seeking—over different periods of time—the following records:

> (a) All documents constituting Enforcement Actions that contain one or more findings that an IHE or third-party servicer has engaged in one or more "substantial misrepresentation[s]" as that term is defined in 34 C.F.R. Part 668 Subpart F or has otherwise been applied by the Department.
>
> (b) All documents constituting denials of recertifications, or denials of applications for continued certification in Title IV, HEA programs, that contain one or more findings that an entity has engaged in one or more "substantial misrepresentation[s]," as that term is defined in 34 C.F.R. Part 668 Subpart F or has otherwise been applied by the Department.
>
> (c) All other documents constituting revocations of provisional certifications, issued under 34 C.F.R. § 668.13(d), that contain one or more findings that an entity has engaged in one or more "substantial misrepresentation[s]," as that term is defined in 34 C.F.R. Part 668 Subpart F or has otherwise been applied by the Department.

---

[2] *See* Process for Taking Administrative Actions, Including Assessing Penalties, on Institutions at: https://studentaid.gov/sites/default/files/enforcement/administrative-actions-process.pdf.

17. The Department has not responded to any of these FOIA requests.

18. Because they subsume all other requests, Student Defense brings this action regarding the Department's failure to respond to Plaintiff's first and most recent request, dated December 30, 2021 and December 2, 2024.

19. Student Defense submitted the first request on December 30, 2021, covering the period from January 1, 2018 to December 30, 2021 ("the December 2021 Request").

20. On January 3, 2022, the Department acknowledged receipt of the request, assigned it tracking number 22-01438-F, and updated the status to "In Process."

21. On January 11, 2022, the Department granted Student Defense's fee waiver.

22. On February 7, 2022, Student Defense received a 20 Day Status Notification letter from the Department stating that the request "was forwarded to the appropriate office(s) within the Department for any responsive documents they may have."

23. On March 14, 2022, Student Defense requested an update.

24. On March 28, 2022, the Department provided an update indicating the status was: "Pending. Conducting Search for responsive records."

25. On September 27, 2022, Student Defense requested another update.

26. Student Defense has not received any further communication from the Department regarding the December 2021 Request.

27. After the December 2021 Request, Student Defense submitted 21 additional requests for these documents on October 6, 2022, November 3, 2022, December 13, 2022, January 9, 2023, February 13, 2023, March 20, 2023, April 18, 2023, May 26, 2023, June 23, 2023, July 27, 2023, August 25, 2023, September 27, 2023, October 25, 2023, November 22, 2023, December 28, 2023, January 30, 2024, February 27, 2024, March 25, 2024, April 25, 2024, May 21, 2024, and December 2, 2024.

28. These requests were assigned the tracking numbers 23-00072-F, 23-00268-F, 23-00559-F, 23-00714-F, 23-01020-F, 23-01296-F, 23-01558-F, 23-01862-F, 23-02087-F, 23-02391-F, 23-02661-F, 23-02929-F, 24-00227-F, 24-00472-F, 24-00734-F, 24-00993-F, 24-01246-F, 24-01499-F, 24-01848-F, 24-02138-F, and 25-01403-F, respectively.

29. The most recent Request, submitted on December 2, 2024 (the "December 2024 Request"), seeks documents covering the period from December 31, 2021 to November 30, 2024. This time-period subsumes all of the above requests except for the December 2021 Request (which sought documents from January 1, 2018 to December 30, 2021).

30. On December 3, 2024, the Department acknowledged receipt of the December 2024 Request and assigned it tracking number 25-01403-F.

31. On December 17, 2024, the Department updated the status of the Request to "In Process."

32. On January 2, 2025, Student Defense received a 20 Day Status Notification letter from the Department stating that the request "was forwarded to the appropriate office(s) within the Department for any responsive documents they may have."

33. On March 4, 2025, Student Defense requested a status update.

34. On March 13, 2025, Student Defense received a status update indicating the December 2024 Request "is currently under processing review."

35. Student Defense has not received any further communication from the Department regarding the December 2024 Request.

36. The Department has not provided a determination, let alone made a single production, in response to any of the 22 FOIA requests described above.

**Exhaustion of Administrative Remedies**

37. As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding the December 2021 or the December 2024 Requests (Nos. 22-01438-F and 25-01403-F, respectively) ("the FOIA Requests"), including the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

38. Through the Department's failure to respond to the FOIA Requests within the period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Search for Responsive Records

39. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

40. Student Defense properly requested records within the Department's possession, custody, and control.

41. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

42. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the FOIA Requests.

43. The Department's failure to conduct adequate searches for responsive records violates FOIA.

44. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to the FOIA Requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

45. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

46. Through the FOIA Requests, Student Defense properly requested records within the Department's possession, custody, and control.

47. The Department is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

48. The Department is wrongfully withholding non-exempt agency records requested by Student Defense by failing to produce non-exempt records responsive to its FOIA requests.

49. The Department is wrongfully withholding non-exempt agency records requested by Student Defense by failing to segregate exempt information in otherwise non-exempt records responsive to Student Defense's FOIA requests.

50. The Department's failure to provide all non-exempt responsive records violates FOIA.

51. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to the FOIA Requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, Student Defense respectfully requests the Court to:

1.      Order the Department to conduct searches reasonably calculated to locate all records responsive to the FOIA Requests;

2.      Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the FOIA Requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3.      Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the FOIA Requests;

4.      Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.      Grant Student Defense such other relief as the Court deems just and proper.

Dated: May 12, 2025                                  Respectfully submitted,

*/s/ Melissa A. Padilla*
Melissa A. Padilla (D.C. Bar No. 90018065)
Madeline Wiseman (D.C. Bar No. 90031948)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1701 Rhode Island Ave. NW
Washington, D.C. 20036
(202) 734-7495
melissa@defendstudents.org
madeline@defendstudents.org